# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

BETSY M. BOONE, :

    Plaintiff, :

vs. : CA 18-0398-MU

NANCY A. BERRYHILL, :
Acting Commissioner of Social Security,
                                                                 :
    Defendant.

## **MEMORANDUM OPINION AND ORDER**

Plaintiff brings this action, pursuant to 42 U.S.C. § 1383(c)(3), seeking judicial review of a final decision of the Commissioner of Social Security denying her claim for supplemental security income benefits. The parties have consented to the exercise of jurisdiction by the Magistrate Judge, pursuant to 28 U.S.C. § 636(c), for all proceedings in this Court. (Docs. 18 & 19 ("In accordance with provisions of 28 U.S.C. §636(c) and Fed.R.Civ.P. 73, the parties in this case consent to have a United States magistrate judge conduct any and all proceedings in this case, . . . order the entry of a final judgment, and conduct all post-judgment proceedings.")). Upon consideration of the administrative record, Plaintiff's brief, and the Commissioner's brief,[1] it is determined that the Commissioner's decision denying benefits should be affirmed.[2]

---

       [1]     The parties waived oral argument. (Doc. 17; *see also* Doc. 20 (order granting motion to waive oral argument)).

       [2]     Any appeal taken from this memorandum opinion and order and judgment shall be made to the Eleventh Circuit Court of Appeals. (*See* Docs. 18 & 19 ("An appeal from a judgment (Continued)

## I. Procedural Background

Plaintiff filed an application for supplemental security income benefits on July 31, 2015, alleging disability beginning on February 1, 2004. (*See* Tr. 136-44.) Her claim was initially denied on September 18, 2015 (*see* Tr. 66 & 73-77) and, following Plaintiff's written request for a hearing before an Administrative Law Judge ("ALJ") (*see* Tr. 80-82), a hearing was conducted before an ALJ on June 29, 2017 (Tr. 28-52). During the course of the hearing, Plaintiff amended her disability onset date to July 6, 2015. (Tr. 39.) On October 12, 2017, the ALJ issued a decision finding that the claimant was not disabled and, therefore, not entitled to supplemental security income benefits. (Tr. 15-23.) More specifically, the ALJ determined that Plaintiff retained the residual functional capacity to perform heavy work with a few minor nonexertional limitations and, therefore, Boone could perform her past relevant light work as a housekeeper and, alternatively, has the residual functional capacity to perform those unskilled heavy and medium jobs identified by the vocational expert ("VE") during the administrative hearing (*compare* Tr. 21-22 *with* Tr. 48-51). On November 17, 2017, the Plaintiff filed a written request for review of the ALJ's unfavorable decision (Tr. 135) and, on July 19, 2018, the Appeals Council denied Boone's request for review (Tr. 1-3). Thus, the hearing decision became the final decision of the Commissioner of Social Security.

Plaintiff alleges disability due to GERD, chronic abdominal pain, peptic ulcer disease, and depression. The ALJ made the following relevant findings:

> **1. The claimant has not engaged in substantial gainful activity since July 6, 2015, the application date (20 CFR 416.971 *et seq.*).**

---

entered by a magistrate judge shall be taken directly to the United States court of appeals for this judicial circuit in the same manner as an appeal from any other judgment of this district court.">))

The claimant testified that she babysat, but the record does not indicate that this work rose to the level of substantial gainful activity (Hearing Testimony).

**2. The claimant has the following severe impairments: gastroesophageal reflux disease ("GERD"); and chronic abdominal pain status post H. pylori and peptic ulcer disease (20 CFR 416.920(c)).**

. . .

**3. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 416.920(d), 416.925 and 416.926).**

. . .

**4. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform heavy work as defined in 20 CFR 416.967(d) except the claimant is limited to simple, routine tasks with no only occasional changes in the work setting.**

. . .

**5. The claimant is capable of performing past relevant work as a cleaner, housekeeping. This work does not require the performance of work-related activities precluded by the claimant's residual functional capacity (20 CFR 416.965).**

. . .

Although the claimant is capable of performing past relevant work, there are other jobs existing in the national economy that she is also able to perform. Therefore, the Administrative Law Judge makes the following alternative findings for step five of the sequential evaluation process.

The claimant was born on January 6, 1959 and was 56 years old, which is defined as an individual of advanced age, on the date the application was filed (20 CFR 416.963). The claimant has a limited education and is able to communicate in English (20 CFR 416.964). Transferability of job skills is not an issue in this case because the claimant's past relevant work is unskilled (20 CFR 416.968).

In the alternative, considering the claimant's age, education, work experience, and residual functional capacity, there are other jobs that exist

in significant numbers in the national economy that the claimant also can perform (20 CFR 416.969 and 416.969(a)).

. . .

**6.    The claimant has not been under a disability, as defined in the Social Security Act, since July 6, 2015, the date the application was filed (20 CFR 416.920(f)).**

(Tr. 17, 19, 21 & 23).

## II. Standard of Review and Claims on Appeal

A claimant is entitled to an award of supplemental security income benefits when she is unable to engage in substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or last for a continuous period of not less than 12 months. *See* 20 C.F.R. § 416.905(a) (2016). In determining whether a claimant has met her burden of proving disability, the Commissioner follows a five-step sequential evaluation process. *See* 20 C.F.R. § 416.920. At step one, if a claimant is performing substantial gainful activity, she is not disabled. 20 C.F.R. § 416.920(b). At the second step, if a claimant does not have an impairment or combination of impairments that significantly limits her physical or mental ability to do basic work activities (that is, a severe impairment), she is not disabled. 20 C.F.R. § 416.920(c). At step three, if a claimant proves that her impairments meet or medically equal one of the listed impairments set forth in Appendix 1 to Subpart P of Part 404, the claimant will be considered disabled without consideration of age, education and work experience. 20 C.F.R. § 416.920(d). At the fourth step, if the claimant is unable to prove the existence of a listed impairment, she must prove that her physical and/or mental impairments prevent her from performing any past relevant work. 20 C.F.R. § 416.920(f). And at the fifth step, the Commissioner must consider the claimant's residual functional

capacity, age, education, and past work experience to determine whether the claimant can perform other work besides past relevant work. 20 C.F.R. § 416.920(g). Plaintiff bears the burden of proof through the first four steps of the sequential evaluation process, *see Bowen v. Yuckert,* 482 U.S. 137, 146 n.5, 107 S.Ct. 2287, 2294 n.5, 96 L.Ed.2d 119 (1987), and while the burden of proof shifts to the Commissioner at the fifth step of the process to establish other jobs existing in substantial numbers in the national economy that the claimant can perform,[3] the ultimate burden of proving disability never shifts from the plaintiff, *see, e.g., Green v. Social Security Administration,* 223 Fed.Appx. 915, 923 (11th Cir. May 2, 2007) ("If a claimant proves that she is unable to perform her past relevant work, in the fifth step, 'the burden shifts to the Commissioner to determine if there is other work available in significant numbers in the national economy that the claimant is able to perform.' . . . Should the Commissioner 'demonstrate that there are jobs the claimant can perform, the claimant must prove she is unable to perform those jobs in order to be found disabled.'").[4]

The task for the Magistrate Judge is to determine whether the Commissioner's decision to deny claimant benefits is supported by substantial evidence. Substantial evidence is defined as more than a scintilla and means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971). "In determining whether

---

[3] *See, e.g., McManus v. Barnhart,* 2004 WL 3316303, *2 (M.D. Fla. Dec. 14, 2004) ("The burden [] temporarily shifts to the Commissioner to demonstrate that 'other work' which the claimant can perform currently exists in the national economy.").

[4] "Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority." 11th Cir.R. 36-2.

(Continued)

substantial evidence exists, we must view the record as a whole, taking into account evidence favorable as well as unfavorable to the Commissioner's] decision." *Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986).[5] Courts are precluded, however, from "deciding the facts anew or re-weighing the evidence." *Davison v. Astrue*, 370 Fed. Appx. 995, 996 (11th Cir. Apr. 1, 2010) (per curiam) (citing *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005)). And, "[e]ven if the evidence preponderates against the Commissioner's findings, [a court] must affirm if the decision reached is supported by substantial evidence." *Id.*, citing *Crawford v. Commissioner of Social Security*, 363 F.3d 1155, 1158-1159 (11th Cir. 2004).

On appeal to this Court, Boone asserts two reasons why the Commissioner's decision to deny her benefits is in error: (1) the ALJ erred in finding that she has past relevant work as a cleaner/housekeeper and in failing to apply 20 C.F.R. § 416.962(b) to find her disabled; and (2) the ALJ erred in finding that she has the residual functional capacity for the full range of work at the heavy level of physical exertion.

**A.     Whether Boone had Past Relevant Work as a Cleaner/Housekeeper**.

Plaintiff's principal assignment of error is that the ALJ erred in finding that she has past relevant work as a "cleaner, housekeeping" and, as a result, erred in failing to apply § 416.962(b), which would have directed a finding that she is disabled.

As alluded to above, a claimant will be found not disabled if she can return to her past relevant work. *See* 20 C.F.R. § 416.920(a)(4)(iv) ("At the fourth step, we consider our assessment of your residual functional capacity and your past relevant work. If you can still do your past relevant work, we will find that you are not disabled."). "A 'claimant

---

[5] This Court's review of the Commissioner's application of legal principles, however, is plenary. *Walker v. Bowen*, 826 F.2d 996, 999 (11th Cir. 1987).

has the burden of showing that certain work experience is not past relevant work.'" *Eyre v. Commissioner, Social Sec. Admin.,* 586 Fed.Appx. 521, 524 (11th Cir. Sept. 30, 2014), quoting *Barnes v. Sullivan,* 932 F.2d 1356, 1359 (11th Cir. 1991). "'Past relevant work is work that [a claimant has] done within the past 15 years, that was substantial gainful activity, and that lasted long enough for [the claimant] to learn to do it.'" *Id.,* quoting 20 C.F.R. §§ 404.1560(b)(1) & 416.960(b)(1).

In this case, the ALJ found that Boone had past relevant work as a "cleaner, housekeeping" based upon the following analysis: "As required by SSR 82-62, this work was substantial gainful activity, was performed long enough for the claimant to achieve average performance, and was performed within the relevant period. The record contained evidence of $2426.28 of earnings in 2002, and the claimant testified that if she had work in 2002, it was as a cleaner. The claimant further testified that this work lasted about a month, and $2426.28 of earnings for one month is above the substantial gainful activity amount for 2002. Further, a month is long enough to learn the job of cleaner, housekeeping, as the work is unskilled with an SVP of 2." (Tr. 21 (internal citation omitted)).

It is clear in this Circuit that "[i]n evaluating work activity for substantial gainful activity purposes where the claimant was an employee in the past, the chief consideration is the claimant's earnings from the work activity. The ALJ ordinarily will consider that the claimant either was or was not engaged in substantial gainful activity if her average monthly earnings are above or below a certain amount established by the Social Security Administration's earnings guidelines." *Eyre, supra,* 586 Fed.Appx. at 524 (internal and external citations omitted). Indeed, "[i]f a claimant receives wages exceeding those set

7

out in an earnings guidelines table, a ***presumption*** arises that she was engaged in substantial gainful activity during that period." *Green v. Commissioner, Social Sec. Admin.,* 555 Fed.Appx. 906, 908 (11th Cir. Feb. 10, 2014) (citations omitted; emphasis supplied). For 2002, the presumed substantial gainful activity threshold amount was $780 per month. *See* https://www.ssa.gov/oact/cola/sga.html (last visited, April 24, 2019, at 4:12 p.m.).

Here, Plaintiff makes no argument that her work as a cleaner did not occur within the last 15 years or that it did not last long enough for her to learn to do it (*see* Doc. 11, at 5-8), *see Gentile v. Commissioner of Social Sec.,* 2014 WL 4279057, *4 n.2 (M.D. Fla. Aug. 29, 2014) (noting that "[c]laimant does not challenge the ALJ's finding that she worked as a telephone solicitor within the past fifteen (15) years or that she worked long enough to learn the job."), only that this work did not amount to substantial gainful activity (*see* Doc. 11, at 5-6). However, given that Boone's earnings in 2002 (*compare* Tr. 145 (showing earnings of $2,426.28 in 2002) *with* Tr. 35-36 (Plaintiff's testimony that if she had a job in 2002 it was cleaning for Mr. Jerry Evans at a doctors' office building)) surpassed the monthly earning threshold (of $780 in 2002), certainly a presumption arises that Boone engaged in substantial gainful activity in 2002. *See Metcalf v. Berryhill,* 2018 WL 1225104, * 3 & *4 (M.D. Fla. Mar. 9, 2018) ("The presumed substantial gainful activity threshold amount was $980 per month for 2009 and $1000 per month for 2010. . . . Plaintiff's earnings surpassed the monthly earning threshold for work to be considered substantial gainful activity. Plaintiff asserts that he worked at Firkins Chrysler Plymouth Jeep and at Boast Motors for less than a month each. Plaintiff's earning records show he reported earning $1,603.30 at Firkins Chrysler Plymouth Jeep and $1,084.96 at Boast

8

Motors. [] These monthly earning totals exceed the threshold and the Court finds no error in the ALJ's finding that Plaintiff's work was substantial gainful activity."). And since this presumption is clearly applicable, the Court understands Boone to be attempting to rebut the presumption by arguing that her employment as a cleaner/housekeeper in 2002 constitutes an "unsuccessful work attempt" (*see* Doc. 11, at 5-7). *See Little v. Astrue,* 2012 WL 1745521, *6 (N.D. Ala. May 11, 2012) (recognizing that the presumption that a claimant has engaged in substantial gainful activity may be rebutted by establishing that the employment constitutes an "unsuccessful work attempt").

Plaintiff's attempt to rebut the presumption necessarily fails, however, as she cannot make the required showing that the cleaner/housekeeper position was "ended" because of her impairments. *Compare* 20 C.F.R. § 416.974(c)(1) ("Ordinarily, work you have done will not show that you are able to do substantial gainful activity if, after working for a period of 6 months or less, you were forced by your impairment to stop working . . . .") *with id.* at § 416.974(c)(3) ("We will consider work of 6 months or less to be an unsuccessful work attempt if you stopped working or you reduced your work and earnings below the substantial gainful activity earnings level because of your impairment or because of the removal of special conditions that took into account your impairment and permitted you to work."). The record in this case clearly establishes that Plaintiff's job as a cleaner in 2002 ended when her "boss" told her that he did not need her anymore (Tr. 37; *see also* Tr. 35-36), not because she was forced by her impairments to stop working.

Because Boone has not rebutted the presumption that her work as a cleaner/housekeeper in 2002 was substantial gainful activity, the Court finds that Boone has not established that this work experience was not past relevant work. *Barnes, supra,*

932 F.2d at 1359. Accordingly, the finding of the ALJ that Plaintiff could perform her past relevant work as a "cleaner, housekeeping" is supported by substantial evidence (as more fully set out below) and no error of law is shown.[6]

**B.     Boone's Residual Functional Capacity ("RFC")**.  Boone's remaining assignment of error is that the ALJ failed to properly assess her RFC, both mentally and physically. (Doc. 11, at 8-16.) Plaintiff claims that the ALJ erred in finding that she retains the RFC to physically perform at the heavy exertional level (*id.* at 9-11) and, further, that her mental assessment was erroneous (*see id.* at 11-16).

The responsibility for making the residual functional capacity determination rests with the ALJ. *Compare* 20 C.F.R. § 404.1546(c) ("If your case is at the administrative law judge hearing level . . ., the administrative law judge . . . is responsible for assessing your residual functional capacity.") *with, e.g., Packer v. Commissioner, Social Sec. Admin.*, 542 Fed. Appx. 890, 891-892 (11th Cir. Oct. 29, 2013) (per curiam) ("An RFC determination is an assessment, based on all relevant evidence, of a claimant's remaining ability to do work despite her impairments. There is no rigid requirement that the ALJ specifically refer to every piece of evidence, so long as the ALJ's decision is not a broad rejection, i.e., where the ALJ does not provide enough reasoning for a reviewing court to conclude that the ALJ considered the claimant's medical condition as a whole." (internal citation omitted)). A plaintiff's RFC—which "includes physical abilities, such as sitting, standing or walking, and mental abilities, such as the ability to understand, remember and

---

[6]     And since the ALJ made no error in this regard, this Court obviously need not address Plaintiff's "tagalong" § 416.962(b) claim as that section of the Commissioner's regulations only applies if a claimant has no past relevant work. *See* 20 C.F.R. § 416.962(b) ("If you have a severe, medically determinable impairment(s) . . ., are of advanced age (age 55 or older . . .), have a limited education or less . . ., ***and*** have no past relevant work experience . . ., we will find you disabled." (emphasis supplied)).

carry out instructions or to respond appropriately to supervision, co-workers and work pressure[]"—"is a[n] [] assessment of what the claimant can do in a work setting despite any mental, physical or environmental limitations caused by the claimant's impairments and related symptoms." *Watkins v. Commissioner of Social Sec.,* 457 Fed. Appx. 868, 870 n.5 (11th Cir. Feb. 9, 2012) (citing 20 C.F.R. §§ 404.1545(a)-(c), 416.945(a)-(c)); *see also Davison, supra,* 370 Fed.Appx. at 996 ("An ALJ makes an RFC determination by considering the claimant's ability to sit, stand, walk, lift, carry, push, pull, stoop, crouch, and reach."); 20 C.F.R. § 404.1545(a)(3) (in assessing RFC, the Commissioner is required to consider "descriptions and observations of [the claimant's] limitations from [] impairments, including limitations that result from [] symptoms, such as pain, provided by [the claimant] . . . .").

To find that an ALJ's RFC determination is supported by substantial evidence, it must be shown that the ALJ has "'provide[d] a sufficient rationale to link'" substantial record evidence "'to the legal conclusions reached.'" *Ricks v. Astrue*, 2012 WL 1020428, *9 (M.D. Fla. Mar. 27, 2012) (quoting *Russ v. Barnhart*, 363 F. Supp. 2d 1345, 1347 (M.D. Fla. 2005)); *compare id. with Packer v. Astrue*, 2013 WL 593497, *4 (S.D. Ala. Feb. 14, 2013) ("'[T]he ALJ must link the RFC assessment to specific evidence in the record bearing upon the claimant's ability to perform the physical, mental, sensory, and other requirements of work.'"), *aff'd,* 542 Fed. Appx. 890 (11th Cir. Oct. 29, 2013); *see also Hanna v. Astrue*, 395 Fed. Appx. 634, 636 (11th Cir. Sept. 9, 2010) (per curiam) ("The ALJ must state the grounds for his decision with clarity to enable us to conduct meaningful review. . . . Absent such explanation, it is unclear whether substantial evidence supported the ALJ's findings; and the decision does not provide a meaningful basis upon which we

can review [a plaintiff's] case." (internal citation omitted)). However, in order to find the ALJ's RFC assessment supported by substantial evidence, it is not necessary for the ALJ's assessment to be supported by the assessment of an examining or treating physician. *See, e.g., Packer, supra,* 2013 WL 593497, at *3 ("[N]umerous court have upheld ALJs' RFC determinations notwithstanding the absence of an assessment performed by an examining or treating physician."); *McMillian v. Astrue*, 2012 WL 1565624, *4 n.5 (S.D. Ala. May 1, 2012) (noting that decisions of this Court "in which a matter is remanded to the Commissioner because the ALJ's RFC determination was not supported by substantial and tangible evidence still accurately reflect the view of this Court, but not to the extent that such decisions are interpreted to require that substantial and tangible evidence must—in all cases—include an RFC or PCE from a physician" (internal punctuation altered and citation omitted)); *but cf. Coleman v. Barnhart,* 264 F.Supp.2d 1007 (S.D. Ala. 2003).

In this case, the ALJ's "physical" RFC assessment of heavy work (Tr. 19 (finding claimant has the RFC to perform heavy work as defined in 20 CFR 416.967(d)[7]) finds substantial evidentiary support in the record, as noted by the ALJ in her opinion (*see* Tr. 20).[8] In particular, while the record contains various diagnoses, there are simply no

---

[7] "Heavy work involves lifting no more than 100 pounds at a time with frequent lifting or carrying of objects weighing up to 50 pounds. If someone can do heavy work, we determine that he or she can also do medium, light, and sedentary work." 20 C.F.R. § 416.967(d).

[8] Even if the evidence of record does not show that Plaintiff can perform the exertional requirements of heavy work, the ALJ's finding in this regard would, at best, amount to harmless error as the evidence cited in the administrative decision conclusively establishes that Boone can perform the exertional requirements of medium work, *see* 20 C.F.R. § 416.967(c) ("Medium work involves lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds. If someone can do medium work, we determine that he or she can also do sedentary and light work.") and, therefore, retains the exertional capacity to perform her past relevant light work as a cleaner (*see* Tr. 48 (vocational expert's testimony that Plaintiff's work as a cleaner/housekeeper is classified as light, unskilled, with an SVP level of 2)).

objective findings which would suggest any "limitations" on Boone's abilities to lift or carry weight, stand, walk, sit, etc. (*see, e.g.,* Tr. 317 (on October 5, 2015, visual overview of the four extremities was normal and Boone's overall appearance was "well developed"); Tr. 321-22 (on February 17, 2016, Boone reported a moderate activity level and physical examination revealed no edema in the extremities, with visual overview of the four extremities being normal); Tr. 327-28 (physical exam on February 17, 2017, revealed intact peripheral pulses, no asymmetric calf swelling or tenderness, with notation that she was "well developed, well-nourished and nontoxic appearing" and it was specifically observed that Boone had no difficulty walking); Tr. 343 (physical exam on February 20, 2017, revealed normal balance and gait, a well-developed female in no acute distress, and visual review of the four extremities was normal); Tr. 362 (physical examination on March 27, 2017, revealed that neurologically she was grossly intact and there was no lower extremity edema, no varicosities, no clubbing, and no cyanosis);[9] Tr. 369 (on April 21, 2017, physical examination revealed a well-developed female in no acute distress, no extremity edema, with visual overview of all four extremities being normal) & Tr. 372 (physical examination on June 6, 2017, revealed a well-developed female, with no extremity edema and with visual overview of all four extremities being normal)), and Boone herself reported that she can lift 50 pounds (Tr. 171), do laundry, clean, grocery shop, read, and has plans to return to church (*see* Tr. 46-47). Thus, even if the ALJ

---

[9] To be sure, on this date, Boone was given "lifestyle modification advice with regard to low-salt, low-cholesterol, low-saturated-fat, and moderate intensity aerobic exercise for a minimum of 30 minutes a day, 5 days a week avoiding exhaustion." (Tr. 363.) However, without further explanation, this Court cannot find that the consultative physician's "advice' in this regard was meant to be "translated" into limitations prohibiting even heavy exertional work and certainly not moderate work activity or light work activity (as required by her past relevant work). This is particularly true in light of the fact that Boone reported to this very consultative cardiologist that she was then working as a housekeeper (Tr. 361).

somehow erred in concluding that Boone can perform the exertional requirements of heavy work, it cannot be gainsaid that the record accurately reflects that Plaintiff can perform the exertional requirements of medium work and, most importantly, the exertional requirements of her past relevant work as a cleaner/housekeeper.

Turning to the ALJ's mental assessment, it need be noted that even though the ALJ concluded that Boone did not have a severe mental impairment at step two of the sequential evaluation process (*see* Tr. 18), she considered Boone's mental impairments during the remainder of her decision and specifically determined, at the latter steps of the sequential evaluation process, that Plaintiff was "**limited to simple, routine tasks with only occasional changes in the work setting**" (Tr. 19) and also considered the relevance of the identified mental limitations at those latter steps (*compare* Tr. 21-22 *with* Tr. 48-51 (VE's testimony)). It is clear, therefore, that the ALJ's analysis in this case is in keeping with relevant caselaw. *Compare Tuggerson-Brown v. Commissioner of Social Sec.,* 572 Fed.Appx. 949, 951 (11th Cir. Jul. 24, 2014) ("While the ALJ did not need to determine whether every alleged impairment was 'severe,' he was required to consider all impairments, regardless of severity, in conjunction with one another in performing the latter steps of the sequential evaluation [process].") and *Sanchez v. Commissioner of Social Sec.,* 507 Fed.Appx. 855, 858 (11th Cir. Feb. 8, 2013) ("Before reaching step four [and step five], the ALJ must assess the claimant's RFC—which is the most work the claimant can do despite her physical and mental limitations—by considering all of the relevant medical and medically determinable impairments, including any such impairments that are not 'severe.' In assessing the RFC, the ALJ must consider the claimant's ability to meet the physical, mental, sensory, and other requirements of work."

(citations omitted; emphasis supplied)) *with Delia v. Commissioner of Social Sec.,* 433 Fed.Appx. 885, 887 (11th Cir. Jul. 14, 2011) ("At steps three, four, and five, the ALJ considers the claimant's entire medical condition, including impairments that are not severe at step two."). Thus, to the extent Boone argues that the ALJ erred in failing to find her depression to be a severe impairment (Doc. 11, at 13), this Court need not consider whether substantial evidence supports the ALJ's step two decision because any error in this regard is harmless inasmuch as the ALJ identified severe impairments and proceeded to the remaining steps in the sequential evaluation process, giving full consideration to the consequences of all of Plaintiff's impairments (both severe and non-severe, including depression) on her ability to work at later stages of the analysis. And, again, as for the consequences of Plaintiff's non-severe mental impairments on her ability to work—that is, Boone is limited to simple, routine tasks with only occasional changes in the work setting (Tr. 19)—there is substantial record support for these consequences, to the exclusion of any other limitations (*compare* Tr. 57 (Dr. Robert Estock's September 18, 2015 record review concluded that Boone's mental impairments were not severe because those impairments resulted in only mild restriction of activities of daily living, difficulties in maintaining social functioning, and difficulties in maintaining concentration, persistence or pace, with there being no episodes of decompensation) *with, e.g.,* Tr. 369 (on April 21, 2017, after Boone completed a depression screen, which indicated moderate depression, psychiatric examination by the provider from Franklin Primary was normal, revealing an appropriate mood and affect, no pressured speech, no suicidal ideation, and that she was not fearful and not forgetful) & Tr. 372 (on June 6, 2017, Boone returned to Franklin Primary but made no mention of depression and psychiatric exam was normal,

with Plaintiff being oriented to time, place, person and situation, with an appropriate mood and affect)). In other words and with the benefit of the record for review, the undersigned perceives no prejudicial error in the ALJ giving Boone the benefit of the doubt and finding that she should be limited to simple, routine tasks with only occasional changes in the work setting.

In light of the foregoing, the Court **OVERRULES** Plaintiff's second assignment of error. And since Plaintiff raises no other assignments of error, the undersigned finds that the Commissioner's combination fourth and fifth step denial of benefits is due to be affirmed.[10]

## **CONCLUSION**

It is **ORDERED** that the decision of the Commissioner of Social Security denying Plaintiff supplemental security income benefits be affirmed.

**DONE** and **ORDERED** this the 3rd day of May, 2019.

s/P. Bradley Murray  
**UNITED STATES MAGISTRATE JUDGE**

---

[10] It should suffice to say that there is substantial evidence of record establishing that Boone is capable of performing her past relevant unskilled light work as a cleaner/housekeeper, a job she reported to the consulting cardiologist on March 27, 2017, that she was then performing (Tr. 361), less than one month prior to her completion of a depression screening questionnaire, which reflected moderate depression (Tr. 366) but garnered no concomitant objective findings from the Franklin Primary provider (Tr. 369 ("Appropriate mood and affect. Not fearful. Not forgetful. No pressured speech. No suicidal ideation.")). In addition, Plaintiff made no depression complaints on her next visit to Franklin Primary on June 6, 2017. (Tr. 371-72.)